## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN BETANCUR,<br><br>     Plaintiff<br><br>v.<br><br>IBEW LOCAL 103 BUILDING<br>CORPORATION, and<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS, LOCAL 103<br><br>     Defendants | DOCKET NO: 21-CV-11543-AK |

## DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT

Juan Betancur's motion to amend his complaint should be denied on the grounds of futility. The proposed amended complaint includes no federal claims, and there is no diversity between the parties, thereby depriving this Court of its original jurisdiction.

Although leave to amend is, generally, "freely granted," leave will not be granted where "the amendment would be futile." Steir v. Girl Scouts of the USA, 383 F.3d 7, 11–12 (1st Cir. 2004). The Court must deny a motion to amend where the proposed complaint fails to establish the Court's jurisdiction. See, e.g., Navajo Tribe of Indians v. State of N.M., 809 F.2d 1455, 1476 (10th Cir. 1987) ("when it is clear that the amendment cannot cure the lack of jurisdiction, we must deny the motion to amend"). Cf. Baker v. Murphy, 495 F. Supp. 462, 465 (D.P.R. 1980). (A party "that repeatedly fails to adequately plead jurisdiction in spite of opportunities given to amend its complaint has no place in the federal courts."). In short, a motion to amend should be denied where it would serve no purpose. Foman v. Davis, 371 U.S. 178, 182 (1962).

It is the Plaintiff's obligation to adequately plead jurisdiction. "[E]very putative federal question case must pay tribute to the well-pleaded complaint rule. As this shorthand nomenclature suggests, the rule requires the federal question to be stated on the face of the

plaintiff's well-pleaded complaint." <u>Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt.</u>, 585 F.3d 42, 48 (1st Cir. 2009) (emphasis added), <u>citing</u> <u>Franchise Tax Bd. v. Construction Laborers</u>, 463 U.S. 1, 13 (1983). Similarly, the "existence of diversity jurisdiction must be evident on the face of the complaint in order for a federal court to assume jurisdiction." <u>Soler v. Puerto Rico Tel. Co.</u>, 230 F. Supp. 2d 232, 234 (D.P.R. 2002).

Here, Plaintiff alleges that all parties are citizens of Dorchester, Massachusetts. Proposed Amended Complaint ("PAC," Doc. 17), ¶¶ 1-3. Accordingly, there is no diversity of citizenship to establish subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). (Nor is there any allegation about the amount in controversy.)

Neither does Plaintiff's Proposed Amended Complaint raise any claim under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Proposed Amended Complaint would allege eight counts: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the Massachusetts Wage Act, M.G.L. c. 149 § 148, *et seq*.; (4) retaliation in violation of the Massachusetts Workers' Compensation Act, M.G.L. c. 152, § 75B(2); (5) wrongful termination; (6) promissory estoppel/detrimental reliance; (7) quantum meruit/unjust enrichment; and (8) negligent infliction of emotional distress. All proposed counts are state law claims arising under Massachusetts law, and none raise a federal question.

Curiously, Plaintiff seems to understand that his Complaint is lacking on its face. He finds jurisdiction only in the whisper of his speculation, namely that "Defendant is expected to argue that Plaintiff's claims plausibly require interpretation of a collective bargaining agreement." Doc. 18, pg. 2. However, original jurisdiction will not be found "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the

plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Moreover, the Complaint says nothing about a collective bargaining agreement, and the only contract alleged to exist is a personal one he allegedly into eight years ago. PAC ¶¶ 7-8. And while Plaintiff may well be correct that Defendants could, or even will, invoke a CBA somehow at some point, this does not create federal jurisdiction because:

> the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

Caterpillar, 482 U.S. at 398–99. Betancur's allegation about a personal employment contract does not invoke or relate to any CBA. Just as there was no basis for removal in Caterpillar, there is no basis for original jurisdiction here.[1]

Moreover, the Court may well be curious, as are Defendants, why Plaintiff would even want to establish jurisdiction under Section 301, because if he succeeds, the inevitable result will be dismissal of his state-law claims on preemption grounds. That was the exact result of the case cited by Plaintiff, Rose v. RTN Fed. Credit Union, 1 F.4th 56, 64 (1st Cir. 2021); see also

---

[1] Plaintiff's contention, on page 2 of his motion, that federal courts have "exclusive jurisdiction" over claims arising under Section 301 was rejected 60 years ago in Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 508 (1962) ("To hold that s. 301(a) operates to deprive the state courts of a substantial segment of their established jurisdiction over contract actions would thus be to disregard this consistent history of hospitable acceptance of concurrent jurisdiction.")

Cavallaro v. UMass Mem'l Healthcare, Inc., 678 F.3d 1, 6 (1st Cir. 2012) (In Section 301 cases, "courts ordinarily dismiss claims falling within such provisions"). Therefore, even if the Court accepted the Plaintiff's jurisdictional theory at face value, the motion to amend should still be denied because the existence of Section 301 preemption would in any event be fatal to his state-law claims, thus rendering the proposed amended futile.[2]

In conclusion, because the Proposed Amended Complaint fails to establish the existence of this Court's original jurisdiction, the Motion to Amend must be denied as futile.

Respectfully submitted,

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 103, and
I.B.E.W. LOCAL 103 BUILDING
CORPORATION,

By their attorneys,

/s/ James A.W. Shaw
James A.W. Shaw, BBO # 670993
Ryan McGovern Quinn, BBO # 706172
SEGAL ROITMAN, LLP
33 Harrison Ave., 7th Floor
Boston, MA  02111
(617) 603-1432
jshaw@segalroitman.com

Dated:  February 16, 2022

---

[2] If the Court has reviewed Defendant IBEW Local 103's earlier filed motion to dismiss, the Court likely will realize the problem that Plaintiff has created for himself. These claims were already raised in state court, and dismissed (*with* prejudice, contrary to the claim in footnote 2 of the PAC). Doc. 8, pgs. 2-3. Plaintiff has since voluntarily dismissed his pending state-court appeal. Of course, Plaintiff cannot establish federal jurisdiction simply because he has already lost a nearly identical case in state court. The previously dismissed state action provides an additional, albeit unnecessary, ground to deny the motion to amend. Merrimack St. Garage, Inc. v. Gen. Motors Corp., 667 F. Supp. 41, 45 (D.N.H. 1987) ("the federal claim Merrimack herein seeks to add is barred by *res judicata*; thus, a grant of leave to amend would be an exercise in futility. Under such circumstances of extended and unwarranted failure to raise initially claims of which Merrimack was well aware, and the futility of now asserting them, leave to amend must be denied.")

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail on February 16, 2022.

                          /s/ James A.W. Shaw
                          James A.W. Shaw