UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUAN BETANCUR | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:21-cv-11543-AK |
| IBEW LOCAL 103 BUILDING CORPORATION, and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) ) ) ) ) | **LEAVE TO FILE GRANTED ON FEBRUARY 18, 2022** |
| Defendants. | ) ) | |

### REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT

The Plaintiff Juan Betancur was subjected to mistreatment and retaliatory termination by the Defendants, after he was injured on the job and obtained workers' compensation benefits, thus giving rise to statutory and common law claims against his former employers. The Plaintiff, who is not a trained lawyer and for whom English is a second language, sought redress in the courts, *pro se*. The Plaintiff knew that he had been mistreated and retaliated against, but did not understand nature, scope, or extent of the specific claims for relief he would need to articulate and plead, as is the case with most *pro se* litigants.

Now that he is represented by counsel, the Plaintiff seeks to have his day in court, in the proper forum, without gamesmanship. To that end, once retained, Plaintiff's counsel made immediate requests of the Defendants for copies of any collective bargaining agreements ("CBA"), which might narrow or limit the Plaintiff's claims. To date, the Defendants have

refused to provide Plaintiff with a copy of any CBA that might pertain to the Plaintiff's employment and have further refused to confirm whether or not any such CBA exists.

The Plaintiff does not assert that there is preemption, however, now that Defendants have firmly asserted their positions that 1) Plaintiff's "allegation about a personal employment contract does not invoke or relate to any CBA"; and 2) that the federal courts do not have exclusive jurisdiction over "claims arising under Section 301", this Court has the discretion to decline to exercise jurisdiction over the Plaintiff's state-law claims.  See Defendants' Opposition [Document 22], p 3.  In reliance on those positions, this Court has the discretion to dismiss the Plaintiff's Complaint, without prejudice, to be re-filed in state court.  Indeed, when there is a lack of federal jurisdiction, state law claims should be dismissed without prejudice.  United Mine Workers v. Gibbs, 385 U.S. 715, 726 (1966); Figueroa Ruiz v. Algeria, 896 F.2d 645, 650 (1st Cir. 1990).

Moreover, the Plaintiff has not already raised the claims in his proposed First Amended Complaint in state court.  Therefore, those claims are not *res judicata* as the Defendants assert. In the Suffolk Superior action to which the Defendants refer (the "Superior Court Action"), the Plaintiff, again *pro se*, brought an action that was interpreted to be an Administrative Workers' Compensation action (and assigned Superior Court civil code E11) for additional workers' compensation benefits, which included allegations that the Superior Court interpreted to be seeking redress for discrimination under Mass. Gen. Laws Ch. 151B.  A true and correct copy of the Civil Action Cover Sheet is attached hereto as *Exhibit 1*.  The Suffolk Superior Court (Connolly, J.) dismissed those claims, for failure to exhaust administrative remedies, to be brought in the future before the Massachusetts Department of Industrial Accidents (the "DIA").

A true and correct copy of the Superior Court's Order of Dismissal is attached hereto as *Exhibit 2*.

The Superior Court anticipated that the Plaintiff could then seek redress in the appropriate forums. Id. There was no mention of dismissal with prejudice. Id. Under those circumstances, it was proper that those claims be dismissed without prejudice. See Rivera-Diaz v. American Airlines, Inc., 229 F.3d 1133 (Table), 2000 WL 1022888, *citing* Donnelly v. Yellow Freight Sys, Inc., 874 F.2d 402, 410 n. 11 (7th Cir. 1989). In fact, Plaintiff has since retained the firm of Pierce, Pierce & Napolitano, separate workers' compensation counsel, to press those claims in an administrative proceeding before the DIA. There has been no finding of *res judicata* by the DIA.

To the extent the Defendants' Opposition incorporates the arguments set forth in the Motion to Dismiss [Document 7], those arguments are without merit or are now moot. The Plaintiff has effectuated proper service. See Return of Service [Document 14]. The Superior Court Action has been dismissed, apparently without prejudice, thereby rending Defendants' Colorado River abstention doctrine and prior-pending-action doctrine arguments moot. See *Exhibit 2*. The Plaintiff has filed a Massachusetts Wage Act complaint with the Office of the Attorney General and has received a private right of action letter, a true and correct copy of which is attached hereto as *Exhibit 3*. The Plaintiff has withdrawn any claims portending to seek additional workers' compensation benefits asserting only workers' compensation retaliation claims which may be redressed by civil litigation in the trial courts. See Mass. Gen. Laws, Ch. 152, § 75B(2); see also proposed FAC, ¶¶ 77-80.

Finally, the Defendants cannot argue the Plaintiff's claims are *res judicata* while they simultaneously argue the Plaintiff has not stated "any kind of legally cognizable claim."  See [Document 8], pp. 10-11.  If that is the case, the Plaintiff's original Complaint [Document 1] must be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 8(a).  Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).  As to the technical application of *res judicata,* that requires (1) a final judgment on the merits in an earlier suit; 2) sufficient identicality between the causes of action asserted; and 3) sufficient identicality between parties in the two suits.  Shelby v. Factory Five Racing, Inc., 684 F. Supp. 2d 205, 211 (D. Mass. 2010).  Here, there is an additional party added -- Local 103's landlord.  In addition, the Defendants have argued to this Court that Plaintiff's claims are "too vague to raise a plausible entitlement to relief," are "too ambiguous for a response," that "no theory of legality is expressed" and that Plaintiff has asserted "no legally cognizable claims."  See [Document 8], pp. 10-11.  If, as Defendants argue, the Plaintiff's claims and legal theories cannot even be identified, they certainly cannot be found to be identical.

**WHEREFORE**, the Plaintiff respectfully requests leave of Court to file his First Amended Complaint or, in the alternative, dismissal of the original Complaint [Document 1], without prejudice, in accordance with Fed. R. Civ. P. 8(a), which is in the interests of justice.

                                                          Respectfully submitted,
                                                        **JUAN BETANCUR**
                                                        By his attorneys,

                                                        */s/ Michael B. Cole*
                                                        Gregory J. Aceto (BBO# 558556)
                                                        aceto@acetolegal.com
                                                        Michael B. Cole (BBO# 679596)
                                                        mcole@acetolegal.com
                                                        **ACETO, BONNER & COLE, P.C.**
                                                        One Liberty Square, Suite 410
                                                        Boston, MA  02109
Dated:  February 18, 2022                      (617) 728-0888

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone not able to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                        */s/ Michael B. Cole*
                                                        Michael B. Cole (BBO No. 679596)
                                                        mcole@acetolegal.com
                                                        **ACETO, BONNER & COLE, P.C.**
                                                        One Liberty Square, Suite 410
                                                        Boston, MA 02109
                                                        (617) 728-0888

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone not able to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                              */s/ Michael B. Cole*
                                              Michael B. Cole